IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FORBIDDEN FRUIT CIDERHOUSE, LLC dba 2 TOWNS CIDERHOUSE**, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**OHIO SECURITY INSURANCE COMPANY**, a New Hampshire insurance company; and **OHIO CASUALTY INSURANCE COMPANY**, a New Hampshire insurance company,<br><br>Defendants. | Case No. 3:20-cv-00844-AC<br><br>**ORDER** |

**IMMERGUT, District Judge.**

On January 5, 2022, Magistrate Judge John V. Acosta issued his Findings and Recommendation ("F&R"). ECF 69. The F&R recommends that this Court deny Plaintiff's Motion for Summary Judgment, ECF 37, grant Defendants' Motion for Summary Judgment, ECF 41, and deny as moot Defendants' Motion for Relief, ECF 51. Plaintiff filed objections to the F&R, ECF 71, to which Defendants responded, ECF 72. This Court has reviewed de novo the

PAGE 1 – ORDER

portion of the F&R to which Plaintiff objected. For the following reasons, the Court ADOPTS Judge Acosta's F&R.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Plaintiff brings suit seeking a declaration that Defendants breached their duty to defend and indemnify under commercial liability policies Defendants issued to Plaintiff (the "Policies"), in relation to a class action filed against Plaintiff in the United States District Court for the Southern District of California (the "Underlying Action"). ECF 1.

Plaintiff first objects to Judge Acosta's finding that "the Underlying Action does not allege 'bodily' injury or any physical injury, sickness or disease under the terms of the Policies," and thus that "Defendants' duty to defend was not triggered." ECF 69 at 21; *see also* ECF 71 at 6. Second, Plaintiff objects to Judge Acosta's determination that "the Underlying Action did not allege an 'occurrence' as defined in the Policies, and Defendants did not have a duty to defend." ECF 69 at 23–24; ECF 71 at 11.

PAGE 2 – ORDER

Upon a de novo review, this Court agrees with Judge Acosta's conclusions and adopts the F&R in full. "As a matter of law, the Underlying Action does not allege 'bodily injury' or any physical injury, sickness or disease covered under the terms of the Policies," nor does "the Underlying Action . . . allege an 'occurrence' as defined in the Policies." ECF 69 at 21, 23–24. Accordingly, Defendants did not have a duty to defend or indemnify.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Acosta's F&R to which Plaintiff objected. Judge Acosta's F&R, ECF 69, is adopted in full. This Court GRANTS Defendants' Motion for Summary Judgment, ECF 41, DENIES Plaintiff's Motion for Summary Judgment, ECF 37, and DENIES AS MOOT Defendants' Motion for Relief, ECF 51, and DISMISSES this case with prejudice.

**IT IS SO ORDERED**.

DATED this 23rd day of February, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge